**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRUCE JOHNSON, EDWARD McCARTHY, WILLIAM RINN III, and DOUGLAS WILSON, | ) ) ) ) | FILED<br>JUNE 2, 2008          YM<br>08CV3164 |
| Plaintiffs | ) ) | JUDGE DOW<br>No.: MAGISTRATE JUDGE SCHENKIER |
| v. | ) ) | |
| RICHARD J. LEWIS, III     . | ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Bruce Johnson, Edward McCarthy, William Rinn III, and Douglas Wilson, by their attorneys, Loeb & Loeb LLP, complain of defendant Richard J. Lewis, III as follows:

### INTRODUCTION

1.      This is a straight-forward action for recovery on a promissory note.  In 2005, Defendant borrowed $500,000 from Plaintiffs.  Defendant signed a promissory note providing, among other things, that all outstanding interest and principal was due in a single lump sum payment on July 8, 2006.  As of the filing of this Complaint, Defendant has failed to make any payments on account of the promissory note.  As of May 1, 2008, the total principal and accrued interest outstanding totaled $659,726.03 exclusive of reasonable costs, expenses and attorney's fees incurred by Plaintiffs for bringing this action to collect the amounts owing by Defendant.

### PARTIES

2.      Plaintiff Bruce Johnson is a citizen of, and domiciled in, the State of Illinois.

3.      Plaintiff Edward McCarthy is a citizen of, and domiciled in, the State of Illinois.

4.      Plaintiff William Rinn III is a citizen of, and domiciled in, the State of Illinois.

5.      Plaintiff Douglas Wilson is a citizen of, and domiciled in, the State of Illinois.

6.      Upon information and belief, Defendant Richard J. Lewis, III is a citizen of, and domiciled in, the State of California.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) as complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in this judicial district.

9.      Additionally, pursuant to the terms of the "Note" (as hereinafter defined), the Defendant has submitted to venue and jurisdiction in this judicial district.

## BACKGROUND

10.      On or about July 18, 2005, Plaintiffs Bruce Johnson and Edward McCarthy loaned the principal amount of $500,000 to Defendant Richard J. Lewis III.

11.      Memorializing his promise to repay the loan, Mr. Lewis executed as maker a promissory note dated July 18, 2005, in the principal amount of $500,000 (the "Note") to the order of Bruce Johnson and Edward McCarthy.  A true and correct copy of the Note is attached hereto and incorporated herein as Exhibit 1.

12.      Among other things, the Note provided: (a) interest on the outstanding principal accrued at a rate of 9.5% per annum; (b) the interest and principal owed under the Note was due and payable in a single lump sum payment on July 8, 2006 (the "Maturity Date"); (c) if Mr. Lewis failed to make payment under the Note by the Maturity Date, interest on any outstanding amounts would thereafter accrue at a rate of 12.5%; and (d) Plaintiffs were entitled to recover from Defendant all reasonable costs and expenses incurred by Plaintiffs, including reasonable attorneys' fees, in any action to collect payment on the Note.

2

13.    At the time of the loan, Mr. Lewis was Chief Executive Officer and Chairman of the Board of EcoTechnology, Inc.  The purpose of the loan was to provided funds to enable Mr. Lewis to purchase additional stock in EcoTechnology, Inc.

14.    On or about August 11, 2005, Messrs. Johnson and McCarthy assigned a portion of their interests as the payee under the Note to Plaintiffs William Rinn, III and Douglas Wilson.

15.    Messrs. Lewis, Johnson and McCarthy executed that certain Acknowledgement August 11, 2005 (the "Acknowledgement") in which each acknowledged that William Rinn, III and Douglas Wilson should also be party to the Note and identified and included as a "Holder" of the Note and that they each contributed $100,000 of the $500,000 loaned under the Note.  A true and correct copy of the Acknowledgement is attached hereto and incorporated herein as Exhibit 2.

16.    In the Acknowledgement, Messrs. Lewis, Johnson and McCarthy further acknowledged "that whenever the Note and all documents identified within the Note refer to Bruce Johnson and/or Ed McCarthy the document is also referring to and including William Rinn, III and Douglas Wilson and that all rights and obligations that flow under the terms of the Note shall include William Rinn, III and Douglas Wilson." (*See* Ex. 2.)

17.    Mr. Lewis failed to pay any amounts due under the Note by the Maturity Date, or at any time since.

18.    In a letter dated July 10, 2006 (the "Initial Default Notice") – two days after the Maturity Date – Plaintiffs Bruce Johnson and Edward McCarthy notified Mr. Lewis that he defaulted under the terms and conditions of the Note by failing to pay the Note in full upon its maturity on July 8, 2006.  In that same Initial Default Notice, Messrs. Johnson and McCarthy further demanded that Mr. Lewis pay all amounts due under the Note.

19.    In a letter dated May 21, 2008 (the "Final Default Notice"), Plaintiffs notified Mr. Lewis that, among other things, the entire principal balance of $500,000 and accrued interest of $159,726.03 was due and owing as of May 1, 2008, plus additional amounts for costs, expenses and attorneys' fees incurred by Plaintiffs.  Plaintiffs demanded that Mr. Lewis pay all outstanding amounts no later than May 30, 2008.  A true and correct copy of the Final Default Notice is attached hereto and incorporated herein as Exhibit 3.

20.    As of the filing of this Complaint, Mr. Lewis has not responded to the Final Default Notice, nor has Mr. Lewis paid any amounts due under the Note.

## COUNT I
## (BREACH OF CONTRACT)

21.    Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-20 of this Complaint as if fully set forth herein.

22.    On or about July 18, 2005, for good and sufficient consideration, Plaintiffs and Defendant entered into an agreement under which Defendant borrowed the principal amount of $500,000 pursuant to the Note (the "Loan").

23.    Defendant agreed, among other things, to repay the principal amount with interest to Plaintiffs according to the terms and conditions of the Note.

24.    Defendant further agreed that he would pay to Plaintiffs "all reasonable costs and expenses incurred, including reasonable attorneys' fees, in any action to collect payment on this Note."  (*See* Ex. 1. § 9.)

25.    Plaintiffs have fully performed their obligations under the Loan.

26.    Defendant breached the Note by failing to pay the outstanding principal and interest due under the Note.  As of May 1, 2008, the unpaid principal and accrued interest under the Note totaled $659,726.03.

27.    As a result of Defendant's breach, Plaintiffs have suffered damages in the amount of the unpaid principal and accrued interest, and have incurred reasonable costs and expenses, including attorney's fees, in bringing this action to collect payment on the note.

**WHEREFORE**, Plaintiffs Bruce Johnson, Edward McCarthy, William Winn III, and Douglas Wilson respectfully request this Court to:

(a)    Enter judgment in favor of Plaintiffs and against Defendant Richard Lewis III for $659,726.03, plus interest accruing since May 1, 2008 at a rate of 12.5% per annum, and reasonable costs and expenses, including attorney's fees, incurred by Plaintiffs in bringing this action to collect payment on the Note in an amount to be proved at an appropriate hearing; and

(b)    Grant Plaintiffs such other and further relief as the Court may deem just and appropriate.

Dated: June 2, 2008                    Respectfully submitted,

                                       BRUCE JOHNSON, EDWARD
                                       MCCARTHY, WILLIAM RINN, III, AND
                                       DOUGLAS WILSON

                                       By: /s/ Michael L. Molinaro
                                              One of Their Attorneys

                                       Michael L. Molinaro (ARDC No.:  6183321)
                                       Blair R. Zanzig (ARDC No.: 6273293)
                                       LOEB & LOEB LLP
                                       321 North Clark Street, Suite 2300
                                       Chicago, Illinois  60610
                                       Telephone:  (312) 464-3100
                                       Facsimile:  (312) 464-3111

                                       *Counsel for Plaintiffs Bruce Johnson, Edward McCarthy, William Rinn III, and Douglas Wilson.*

5

08CV3164
JUDGE DOW  YM
MAGISTRATE JUDGE SCHENKIER

# EXHIBIT 1

# PROMISSORY NOTE

**AMOUNT**

*RJL*

**DATE**

$500,000

~~July 8~~, 2005

*July 18*

FOR VALUE RECEIVED, Richard J. Lewis, III ("Maker"), an individual who resides at 4400 Fair Oaks Blvd., Sacramento, CA 95864 (the "Property"), and who is the Chief Executive Officer of EcoTechnology, Inc., a Delaware corporation (the "Company"), promises to pay to the order of Bruce Johnson and Edward McCarthy (collectively, "Holder"), the principal sum of Five Hundred Thousand and 00/100 Dollars ($500,000). Interest shall accrue from the date of this Promissory Note ("Note") on unpaid principal at the rate of nine and one-half percent (9.5%) per annum until fully paid. The interest and principal on this Note are due and payable in one (1) lump sum payment on July 8, 2006 (the "Maturity Date"). Maker shall make all payments hereunder in lawful money of the United States of America and in immediately available funds. Computations of interest shall be based on the actual number of days in the period for which interest is charged. All payments shall be applied first to accrued and unpaid expenses, second to accrued and unpaid interest and third to the principal balance outstanding. If the payment under this Note is not paid on or before the Maturity Date or earlier if accelerated, thereafter this Note shall bear interest at the lower of twelve and one-half percent (12.5%) per annum or the maximum amount of interest permitted by the laws of the State of Illinois.

1. **Place of Payment:** All payments under this Note shall be made to Holder at 30 South Wacker Street, Suite 1602, Chicago, Illinois, 60606, Attention: Bruce Johnson and Edward McCarthy, or at such other address as Holder shall direct Maker in writing.

2. **Prepayment Penalty:** The amount due under this Note, or any portion of such amount, may be prepaid at any time by the Maker prior to the Maturity Date (each such payment a "Prepayment"). In the event that Maker makes a Prepayment, then Maker shall not pay any prepayment penalty whatsoever and such prepayment shall be applied to the principal and interest balance outstanding on the Note.

3. **Security:** As an inducement for Holder to make the loan to Maker evidenced by this Note, the Note shall be secured by, among other things, ~~a certain Deed of Trust with Assignment of Rents (the "Deed"). The Deed shall be dated and filed concurrently with the execution of this Note by Maker in favor of Holder and against the Property. A copy of the Deed is attached hereto as Exhibit A and incorporated herein as if fully set forth. Further, this Note shall be secured~~ by that certain Stock and Debt Pledge Agreement, entered into by Maker in favor Holder, dated of even date herewith (the "Pledge Agreement"), a copy of which is attached hereto as Exhibit ~~B~~ and incorporated herein as if fully set forth. *A RJL*

4. **Events of Default:** Upon the occurrence of any of the following events (each, an "Event of Default"), at the option of Holder, all sums owing hereunder shall become immediately due and payable, without notice of default, presentment or demand for payment, protest or notice of nonpayment or dishonor, or other notices or demands of any

NGEDOCS: 015406.0004:1167506.4

kind or character:

(a)    default in the payment when due of any and all liabilities, indebtedness and obligations now or at any time hereafter owing by Maker to Holder under this Note; or

(b)    default in the payment when due (subject to any applicable grace period), whether by acceleration or otherwise, of any other indebtedness for borrowed money of (or guaranteed by) Maker, or default by Maker in the performance or observance of any obligation or condition with respect to any such other indebtedness, if such default (i) involves the failure to make any payment (whether principal, interest or otherwise) due (whether by scheduled maturity, required prepayment, acceleration, demand or otherwise) in an aggregate amount exceeding $25,000 or (ii) causes (or permits any holder of such indebtedness or a trustee to cause) such indebtedness, or a portion thereof in an aggregate amount exceeding $25,000, to become due and payable prior to its expressed maturity; or

(c)    Maker becomes insolvent or generally fails to pay, or admits in writing their inability to pay, their debts as they become due; or Maker applies for, consents to, or acquiesces in the appointment of, a trustee, receiver or other custodian for Maker or any property thereof or makes a general assignment for the benefit of creditors; or in the absence of such application, consent or acquiescence, a trustee, receiver or other custodian is appointed for Maker or for a substantial part of their property and is not discharged within sixty (60) days; or any bankruptcy, reorganization, debt arrangements or other case or proceeding under any bankruptcy or insolvency law, or any dissolution or liquidation proceeding is commenced in respect of Maker and, if such case or proceeding is not commenced by Maker, it is consented to or acquiesced to by Maker or remains undismissed for sixty (60) days; or Maker takes any action to authorize, or in furtherance of, any of the foregoing; or Maker is at any time not solvent, as Payee may in good faith determine; or

(d)    Maker, or any other party obligated thereby other than Holder, fails to comply with any provision or covenant in any material respect of this Note, the Deed, the Pledge Agreement, or any other instrument executed in connection with Note, the Deed, or the Pledge Agreement, including, without limitation, that certain Indemnification Agreement of even date herewith, and such breach or failure to comply shall remain unremedied for any applicable cure period.

**5. Use of Proceeds:**  Maker hereby acknowledges and agrees that the proceeds of the loan evidenced by this Note shall be used solely for the purchase of common stock of the Company.

**6. Governing Law:**  This Note shall be governed by the laws of the State of Illinois, excluding its conflict of law rules.  The exclusive jurisdiction and venue of any legal action instituted by any party to this Note shall be Cook County, Illinois.

**7. Waiver of Presentment:** Maker waives presentment, protest, and demand, notice of protest, notice of demand, and dishonor, and notice of nonpayment of this Note. Maker expressly agrees that this Note or any payment under this Note may be extended by Holder from time to time without in any way affecting the liability of Maker.

**8. Attorneys' Fees and Costs:** Holder shall be entitled to all reasonable costs and expenses incurred, including reasonable attorneys' fees, in any action to collect payment on this Note.

**9. Severability:** If any provision or any word, term, clause, or part of any provision of this Note shall be invalid for any reason, the same shall be ineffective, but the remainder of this Note and of the provisions thereof shall not be affected and shall remain in full force and effect.

**10. Usury:** All terms, conditions and agreements herein are expressly limited so that in no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof, acceleration of maturity of the unpaid principal balance hereof, or otherwise, shall the amount paid or agreed to be paid to the holders hereof for the use, forbearance or detention of the money to be advanced hereunder exceed the highest lawful rate permissible under applicable laws. If, from any circumstances whatsoever, fulfillment of any provision hereof shall involve transcending the limit of validity prescribed by law which a court of competent jurisdiction may deem applicable hereto, then *ipso facto*, the obligation to be fulfilled shall be reduced to the limit of such validity, and if under any circumstances the holder hereof shall ever receive as interest an amount which would exceed the highest lawful rate, such amount which would be excessive interest shall be applied to reduction of the unpaid principal balance due hereunder and not to the payment of interest.

**11. Waiver of Terms:** Any of the terms or conditions of this Note may be waived by Holder, but no such waiver shall affect or impair the rights of Holder to require observance, performance, or satisfaction, either of that term or condition as it applies on a subsequent occasion or of any other term or condition of this Note.

IN WITNESS WHEREOF, the Maker has caused this Note to be duly executed and delivered as of the date first above written.

_____
RICHARD J. LEWIS, III

**Exhibit A**

Stock Pledge and Debt Agreement

## STOCK PLEDGE AND DEBT AGREEMENT

THIS STOCK PLEDGE AND DEBT AGREEMENT (this "Agreement"), dated as of July 18, 2005 (the "Effective Date"), is entered into by RICHARD J. LEWIS, III (the "Pledgor") in favor of BRUCE JOHNSON and EDWARD MCCARTHY (collectively, "Pledgee").

## RECITALS

WHEREAS, Pledgee has made a $500,000 loan to Pledgor (the "Loan"), and the Loan is evidenced by that certain Promissory Note dated of even date herewith, executed by Pledgor in favor of the Pledgee (the "Note"), the form of which is attached hereto as Exhibit A and incorporated herein as if fully set forth; and

WHEREAS, Pledgor will directly and substantially benefit from the Loan;

WHEREAS, Pledgor is the record and beneficial owner of all the shares of stock of EcoTechnology, Inc. (the "Company") described on Schedule 1, said shares being purchased by Pledgor with the proceeds of the Loan (the "Pledged Shares"); and

WHEREAS, Pledgor has agreed to pledge the Collateral (as defined herein) as an inducement to Pledgee to make the Loan and as security for prompt performance and satisfaction of all obligations and liabilities under the Note and all other instruments and documents executed in connection therewith (collectively, the "Loan Documents").

NOW, THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

1.  Security Interest.  To secure the payment of the amounts outstanding under the Note, including all interest accruing thereon, and to secure prompt performance and satisfaction of all obligations and liabilities of Pledgor under the Loan Documents including all costs of enforcement (including reasonable attorneys' fees and costs) of the Loan Documents (collectively, the "Obligations"), Pledgor hereby grants to Pledgee a security interest in the Pledged Shares.  Certificates representing the Pledged Shares ("Certificates") shall be delivered by Pledgor to Pledgee, ~~the law firm of Neal, Gerber & Eisenberg LLP, Attention, Michael L. Molinaro, Esq., Two North LaSalle Street, Suite 2200 Chicago, Illinois 60622 (the "Firm"),~~ within ten (10) days after the Effective Date. The Certificates shall be accompanied by a stock power for each certificate ("Powers") duly executed in blank (the Pledged Shares and the Powers together with all property to be delivered under Section 3 hereof and the products and proceeds of all of the foregoing shall hereinafter be referred to as the ("Collateral").  The Pledgee shall hold the Collateral pursuant to the terms of this Agreement. In addition to the Pledged Shares, Pledgor hereby grants to Pledgee a security interest in the promissory note from EcoTechnology, Inc, as payor to Pledgee as payee in the principal amount of $569,648.66 and accrued interest earned as of June 15, 2005 of $242,072.68 (the "EcoTechnology Note")

2.     <u>Representations and Protection of Collateral</u>.

(a)     *Representations*.  Pledgor hereby represents and warrants to Pledgee as set forth below:

(i)     Pledgor is the legal and beneficial owner of the Pledged Shares, and has good and marketable title to (and has full right and authority to pledge and assign) the Pledged Shares, free and clear of all liens or encumbrances, except any lien or encumbrance granted in favor of Pledgee;

(ii)     The Pledged Shares do not constitute margin stock within the purview of Regulation U of the Securities Exchange Act of 1934, 12 CFR 221.

(iii)     Pledgor is the legal and beneficial owner of the EcoTechnology Note and has full right title and authority to pledge and assign the EcoTechnology Note free and clear of any lien or encumbrance except any lien or encumbrance granted in favor of Pledgee; and

(iv)     The execution, delivery and performance of this Agreement will not conflict with, or result in a default under, any document, agreement or other instrument to which Pledgor is a party or by which Pledgor is bound.  Further, this Agreement will not result in the creation or imposition of any lien on any of Pledgor's properties pursuant to (A) any law or regulation to which Pledgor or any of his property is subject; or, (B) any judgment, order or decree to which Pledgor is bound or any of his property is subject.

(b)     *Attorney-in-Fact*.  From and after the occurrence of an Event of Default (as defined below), Pledgor hereby appoints Pledgee as his attorney-in-fact for the sole purpose of carrying out the provisions of this Agreement, including taking any action and executing any agreement, instrument or document which Pledgee may deem necessary or advisable to accomplish the purposes hereof, which appointment is irrevocable after the Event of Default has occurred and will be coupled with an interest.

(c)     *Protection of the Collateral*.  So long as any of the Obligations are outstanding, the Pledgor shall not, without the express prior written consent of the Pledgee, grant any other person or entity any right to the Collateral which is pledged hereunder; or, otherwise diminish or impair in any material respect any of Pledgee's rights to any of the Collateral. In addition, Pledgor authorizes the filing of Uniform Commercial Code financing statements and shall pay the costs of such filing and recording or re-filing and re-recording the same in all public offices reasonably necessary or appropriate.  Further, Pledgor shall do such other acts and things, all as the Pledgee may from time to time reasonably request, to establish and maintain a valid, perfected security interest in the Collateral (free of all other liens, claims and rights of third parties whatsoever) to secure the performance and payment of the Obligations.

2

(d)    *Dividend; Voting Rights*.  During the term of this Agreement and so long as no Event of Default has occurred, Pledgor shall continue to have all voting rights appurtenant to the Collateral and all rights to receive dividends and distributions, in whatever form, paid upon the Collateral.

3.    Stock Adjustments. Pledgor shall, upon obtaining any new, substituted or additional shares of stock of the Company (whether by stock split, merger or otherwise), together with Powers therefore, whether already pledged pursuant to this Agreement or not, promptly deliver such shares to the Firm under the terms of this Agreement, and the Firm shall hold such shares in the same manner as the Collateral originally pledged hereunder.

4.    Events of Default. The occurrence of any one or more of the following events and the failure of Pledgor to cure such event within thirty (30) days from the date of such event or the date Pledgor is notified by Pledgee, as the case may be, shall constitute an "Event of Default" under this Agreement:

(a)    default in the payment when due of all liabilities, indebtedness and obligations now or at any time hereafter owing by Pledgor to Pledgee under this Agreement; or

(b)    default in the payment when due (subject to any applicable grace period), whether by acceleration or otherwise, of any other indebtedness for borrowed money of (or guaranteed by) Pledgor, or default by Pledgor in the performance or observance of any obligation or condition with respect to any such other indebtedness, if such default (i) involves the failure to make any payment (whether principal, interest or otherwise) due (whether by scheduled maturity, required prepayment, acceleration, demand or otherwise) in an aggregate amount exceeding $25,000 or (ii) causes (or permits any holder of such indebtedness or a trustee to cause) such indebtedness, or a portion thereof in an aggregate amount exceeding $25,000, to become due and payable prior to its expressed maturity; or

(c)    Pledgor becomes insolvent or generally fails to pay, or admits in writing its inability to pay, its debts as they become due; or Pledgor applies for, consents to, or acquiesces in the appointment of, a trustee, receiver or other custodian for Pledgor or any property thereof or makes a general assignment for the benefit of creditors; or in the absence of such application, consent or acquiescence, a trustee, receiver or other custodian is appointed for Pledgor or for a substantial part of its property and is not discharged within sixty (60) days; or any bankruptcy, reorganization, debt arrangements or other case or proceeding under any bankruptcy or insolvency law, or any dissolution or liquidation proceeding is commenced in respect of Pledgor and, if such case or proceeding is not commenced by Pledgor, it is consented to or acquiesced to by Pledgor or remains undismissed for sixty (60) days; or Pledgor takes any action to authorize, or in furtherance of, any of the foregoing; or Pledgor is at any time not solvent, as Pledgee may in good faith determine; or

3

(d)    Pledgor fails to comply with any provision or covenant in any material respect of this Agreement, the Note, the Deed of Trust and Assignment of Rents, the Indemnification Agreement, or any other document executed by Pledgor in connection with Loan, and such breach or failure to comply shall remain unremedied for any applicable cure period.

5.    <u>Remedies Upon the Occurrence of an Event of Default</u>.

(a)    Upon the occurrence of an Event of Default, Pledgee shall be entitled to exercise all rights it may have in accordance with this Agreement, and any other Loan Document, including, without limitation, (i) vote the Pledged Shares and receive dividends and distributions, in whatever form, paid upon the Collateral and (ii) exercise all rights and remedies with respect to the Collateral as a secured party under the Uniform Commercial Code, including, without limitation, sell the Collateral and take control of any proceeds of the Collateral.  After an Event of Default, Pledgee is authorized to deliver instructions to the Firm directing the Firm to promptly deliver the Pledged Shares to the Pledgee.  Pledgee will give Pledgor reasonable notice of the time and place of any public sale thereof or of the time after which any private sale or other intended disposition is to be made.  Any sale of the Collateral conducted in conformity with reasonable commercial practices of banks, insurance companies or other financial institutions disposing of property similar to the Collateral shall be deemed to be commercially reasonable.  Any requirements of reasonable notice shall be met if such notice is mailed to Pledgor at least ten (10) days prior to the time of the sale or disposition.

(b)    The Firm is hereby authorized to comply with any limitation or restriction in connection with any sale of Collateral as it may be advised by legal counsel in order to avoid any violation of applicable law.  The Firm may also obtain any required approval of the sale or of the purchase by any governmental regulatory authority or official the Firm deems necessary in connection with any sale or purchase of the Collateral.  The parties agree that the Firm shall not be liable or accountable to the Pledgor for any reason whatsoever provided the Firm acts in good faith and uses reasonable care in the exercise of its duties under the terms of this Agreement.

6.    <u>Term</u>.  This Agreement shall become effective on the Effective Date and will remain in full force and effect until payment in full by Pledgor to Pledgee of all of Pledgor's obligations under the Loan Documents, at which time this Agreement shall be terminated.  Immediately upon such termination of this Agreement, the Firm shall deliver to Pledgor all of the Collateral including the proceeds thereof, if any, which are in the Firm's possession.  This Agreement shall continue to be effective or be reinstated, as the case may be, if at any time payment of any of the amounts due under the Note is rescinded or must otherwise be returned by the Pledgee upon the insolvency, bankruptcy or reorganization of any person or otherwise, all as though such payments had not been made.  Notwithstanding the foregoing, this Agreement may be terminated at any time by the mutual written consent of both the Pledgor and Pledgee.

7.    <u>Notice</u>.  All notices or other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be considered as properly given if sent

4

by overnight messenger or first class United States mail, postage prepaid registered or certified with return receipt requested, or by delivering same to the address listed below by prepaid messenger as follows:

| | |
|---|---|
| If to Pledgee: | Bruce Johnson<br>30 S. Wacker Street, Suite 1620<br>Chicago, Illinois 60606<br>Fax: (312) 648-5998 |
| with a copies to: | ~~Michael L. Molinaro, Esq.~~<br>~~Neal, Gerber & Eisenberg, LLP~~<br>~~Two North LaSalle Street, Suite 2200~~<br>~~Chicago, IL 60602~~<br>~~Fax (312) 269-1747~~ |

*RJL*

| | |
|---|---|
| If to Pledgor: | Richard J. Lewis, III<br>c/o EcoTechnology, Inc.<br>3406 American River Drive, Suite B<br>Sacramento, California 95864<br>Fax: (916) 480-0784 |
| With a copy to: | Lewis, Kessler & Kelsch<br>3406 American River Drive, Suite B<br>Sacramento, California 95864<br>Attn: Michael M. Kessler<br>Fax: (916) 239-4008 |

9.     <u>Successors and Assigns</u>.  This Agreement, including the recitals above, shall be binding upon and inure to the benefit of Pledgor, Pledgee and their respective successors, assigns, heirs and legal representatives.

10.     <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the internal laws of the State of Illinois.

[signature page follows]

5

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

**PLEDGOR:**

_____
RICHARD J. LEWIS, III

**PLEDGEE:**

_____
BRUCE JOHNSON

_____
EDWARD MCCARTHY

6

## Schedule 1

Pledged Shares

_____ shares of Common Stock

_____ shares of  Series ____ Preferred Stock

## Exhibit A

Form of Note

```
08CV3164
JUDGE DOW   YM
MAGISTRATE JUDGE SCHENKIER
```

# EXHIBIT 2

# ACKNOWLEDGEMENT

Richard J. Lewis, III, Bruce Johnson and Ed McCarthy (collectively, the "Parties") do hereby declare and acknowledge the following:

1. That Richard J. Lewis, III is the "Maker" of that certain Promissory Note dated July 18, 2005, hereinafter "the Note", a copy of which is attached hereto as "Exhibit A" and incorporated by reference as though fully set forth herein.

2. That Bruce Johnson and Ed McCarthy are identified collectively as the "Holder" of the Note.

3. The Parties acknowledge that William Rinn, III and Douglas Wilson should also be party to the Note and identified and included as "Holder" and that they each contributed $100,000 of the $500,000 loaned under the Note.

4. The Parties further acknowledge that whenever the Note and all documents identified within the Note refer to Bruce Johnson and/or Ed McCarthy the document is also referring to and including William Rinn, III and Douglas Wilson and the at all rights and obligations that flow under the terms of the Note shall include William Rinn, III and Douglas Wilson.

Wherefore, we have caused to be executed this document on the 11th day of August 2005.

Richard J. Lewis, III, Maker

Bruce Johnson, Holder

Ed McCarthy, Holder

EXHIBIT A

# PROMISSORY NOTE

**AMOUNT**

RJ<del></del>
**DATE**

July 18

$500,000

July 8, 2005

FOR VALUE RECEIVED, Richard J. Lewis, III ("Maker"), an individual who resides at 4400 Fair Oaks Blvd., Sacramento, CA 95864 (the "Property"), and who is the Chief Executive Officer of EcoTechnology, Inc., a Delaware corporation (the "Company"), promises to pay to the order of Bruce Johnson and Edward McCarthy (collectively, "Holder"), the principal sum of Five Hundred Thousand and 00/100 Dollars ($500,000). Interest shall accrue from the date of this Promissory Note ("Note") on unpaid principal at the rate of nine and one-half percent (9.5%) per annum until fully paid. The interest and principal on this Note are due and payable in one (1) lump sum payment on July 8, 2006 (the "Maturity Date"). Maker shall make all payments hereunder in lawful money of the United States of America and in immediately available funds. Computations of interest shall be based on the actual number of days in the period for which interest is charged. All payments shall be applied first to accrued and unpaid expenses, second to accrued and unpaid interest and third to the principal balance outstanding. If the payment under this Note is not paid on or before the Maturity Date or earlier if accelerated, thereafter this Note shall bear interest at the lower of twelve and one-half percent (12.5%) per annum or the maximum amount of interest permitted by the laws of the State of Illinois.

1. **Place of Payment:** All payments under this Note shall be made to Holder at 30 South Wacker Street, Suite 1602, Chicago, Illinois, 60606, Attention: Bruce Johnson and Edward McCarthy, or at such other address as Holder shall direct Maker in writing.

2. **Prepayment Penalty:** The amount due under this Note, or any portion of such amount, may be prepaid at any time by the Maker prior to the Maturity Date (each such payment a "Prepayment"). In the event that Maker makes a Prepayment, then Maker shall not pay any prepayment penalty whatsoever and such prepayment shall be applied to the principal and interest balance outstanding on the Note.

3. **Security:** As an inducement for Holder to make the loan to Maker evidenced by this Note, the Note shall be secured by, among other things, a certain Deed of Trust with Assignment of Rents (the "Deed"). The Deed shall be dated and filed concurrently with the execution of this Note by Maker in favor of Holder and against the Property. A copy of the Deed is attached hereto as Exhibit A and incorporated herein as if fully set forth. Further, this Note shall be secured by that certain Stock and Debt Pledge Agreement, entered into by Maker in favor Holder, dated of even date herewith (the "Pledge Agreement"), a copy of which is attached hereto as Exhibit B and incorporated herein as if fully set forth.  A

4. **Events of Default:** Upon the occurrence of any of the following events (each, an "Event of Default"), at the option of Holder, all sums owing hereunder shall become immediately due and payable, without notice of default, presentment or demand for payment, protest or notice of nonpayment or dishonor, or other notices or demands of any

NGEDOCS: 015406.0004:1167506.4

kind or character:

(a)     default in the payment when due of any and all liabilities, indebtedness and obligations now or at any time hereafter owing by Maker to Holder under this Note; or

(b)     default in the payment when due (subject to any applicable grace period), whether by acceleration or otherwise, of any other indebtedness for borrowed money of (or guaranteed by) Maker, or default by Maker in the performance or observance of any obligation or condition with respect to any such other indebtedness, if such default (i) involves the failure to make any payment (whether principal, interest or otherwise) due (whether by scheduled maturity, required prepayment, acceleration, demand or otherwise) in an aggregate amount exceeding $25,000 or (ii) causes (or permits any holder of such indebtedness or a trustee to cause) such indebtedness, or a portion thereof in an aggregate amount exceeding $25,000, to become due and payable prior to its expressed maturity; or

(c)     Maker becomes insolvent or generally fails to pay, or admits in writing their inability to pay, their debts as they become due; or Maker applies for, consents to, or acquiesces in the appointment of, a trustee, receiver or other custodian for Maker or any property thereof or makes a general assignment for the benefit of creditors; or in the absence of such application, consent or acquiescence, a trustee, receiver or other custodian is appointed for Maker or for a substantial part of their property and is not discharged within sixty (60) days; or any bankruptcy, reorganization, debt arrangements or other case or proceeding under any bankruptcy or insolvency law, or any dissolution or liquidation proceeding is commenced in respect of Maker and, if such case or proceeding is not commenced by Maker, it is consented to or acquiesced to by Maker or remains undismissed for sixty (60) days; or Maker takes any action to authorize, or in furtherance of, any of the foregoing; or Maker is at any time not solvent, as Payee may in good faith determine; or

(d)     ~~Maker, or any other party obligated thereby other than Holder, fails to~~ comply with any provision or covenant in any material respect of this Note, the Deed, the Pledge Agreement, or any other instrument executed in connection with Note, the Deed, or the Pledge Agreement, including, without limitation, that certain Indemnification Agreement of even date herewith, and such breach or failure to comply shall remain unremedied for any applicable cure period.

**5. Use of Proceeds:** Maker hereby acknowledges and agrees that the proceeds of the loan evidenced by this Note shall be used solely for the purchase of common stock of the Company.

**6. Governing Law:** This Note shall be governed by the laws of the State of Illinois, excluding its conflict of law rules. The exclusive jurisdiction and venue of any legal action instituted by any party to this Note shall be Cook County, Illinois.

**7. Waiver of Presentment:** Maker waives presentment, protest, and demand, notice of protest, notice of demand, and dishonor, and notice of nonpayment of this Note. Maker expressly agrees that this Note or any payment under this Note may be extended by Holder from time to time without in any way affecting the liability of Maker.

**8. Attorneys' Fees and Costs:** Holder shall be entitled to all reasonable costs and expenses incurred, including reasonable attorneys' fees, in any action to collect payment on this Note.

**9. Severability:** If any provision or any word, term, clause, or part of any provision of this Note shall be invalid for any reason, the same shall be ineffective, but the remainder of this Note and of the provisions thereof shall not be affected and shall remain in full force and effect.

**10. Usury:** All terms, conditions and agreements herein are expressly limited so that in no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof, acceleration of maturity of the unpaid principal balance hereof, or otherwise, shall the amount paid or agreed to be paid to the holders hereof for the use, forbearance or detention of the money to be advanced hereunder exceed the highest lawful rate permissible under applicable laws. If, from any circumstances whatsoever, fulfillment of any provision hereof shall involve transcending the limit of validity prescribed by law which a court of competent jurisdiction may deem applicable hereto, then *ipso facto*, the obligation to be fulfilled shall be reduced to the limit of such validity, and if under any circumstances the holder hereof shall ever receive as interest an amount which would exceed the highest lawful rate, such amount which would be excessive interest shall be applied to reduction of the unpaid principal balance due hereunder and not to the payment of interest.

**11. Waiver of Terms:** Any of the terms or conditions of this Note may be waived by Holder, but no such waiver shall affect or impair the rights of Holder to require observance, performance, or satisfaction, either of that term or condition as it applies on a subsequent occasion or of any other term or condition of this Note.

IN WITNESS WHEREOF, the Maker has caused this Note to be duly executed and delivered as of the date first above written.

RICHARD J. LEWIS, III

**Exhibit B**

Stock Pledge and Debt Agreement

```
08CV3164
JUDGE DOW  YM
MAGISTRATE JUDGE SCHENKIER
```

# EXHIBIT 3



MICHAEL L. MOLINARO
Partner

321 North Clark Street
Suite 2300
Chicago, IL  60610

Direct  312.464.3166
Main   312.464.3100
Fax     312.896.5592
mmolinaro@loeb.com

Via Federal Express

May 21, 2008

Mr. Richard J. Lewis III
4400 Fair Oaks Blvd.
Sacramento, CA 95864-5334

Re:  Promissory Note dated July 18, 2005 in the original principal amount of $500,000 (the
     "Note") executed by Richard J. Lewis, III ("Borrower") in favor of Bruce Johnson, Edward
     McCarthy, William Rinn III, and Douglas Wilson (collectively, the "Lender")

Dear Mr. Lewis:

This firm is counsel for the Lender in connection with the above-referenced loan extended to
Borrower by the Lender.  This letter is being sent to you on the Lender's behalf and at the
Lender's direction.

The Lender has made a loan to Borrower (the "Loan") as evidenced in part by the Note.  The
Note and all related instruments, agreements and documents shall be collectively referred to as
the "Loan Documents."

In a letter dated July 10, 2006 (the "Initial Default Notice"), Lender notified Borrower that
Borrower had defaulted under the terms and conditions of the Note and the other Loan
Documents due to Borrower's failure to pay the Note in full upon its maturity on July 8, 2006.
Having failed to respond to the Initial Default Notice and having failed to pay any amounts due
under the Note, Borrower has continued in default under the Note and the other Loan
Documents.  As of May 1, 2008, Borrower owes the entire principal amount of $500,000,
accrued interest of $159,726.03, which continues to accrue at the default rate set forth in the
Note, plus Lender's costs, fees and expenses, including without limitation, attorneys' fees
(collectively, the "Indebtedness").

The Lender hereby demands that Borrower pay the Indebtedness to Lender on or before May
30, 2008.  Please remit payment to Lender c/o Bruce Johnson, 30 South Wacker Drive, Suite
1602, Chicago, IL 60606.  To confirm the amount of the Indebtedness then outstanding, contact
Michael L. Molinaro at (312) 464-3166.  If the outstanding balance of the Indebtedness is not
paid in full by May 30, 2006, the Lender shall, at its option, proceed to exercise and enforce all
of its rights and remedies available under the Loan Documents and applicable law, including
without limitation, commencing legal action to collect from Borrower with respect to the Note.

This letter and any future discussions between Borrower and the Lender shall not (i) cause a
modification of the Loan Documents or any of the instruments, agreements or documents
related thereto, (ii) establish a custom or course of dealing, (iii) cure, release or postpone any
existing or future default under the Loan Documents or any of the instruments, agreements, or
documents related thereto, or (iv) waive, limit or condition any of the Lender's rights and



remedies against Borrower or any other person or entity, all of which rights and remedies are expressly reserved.

If you have any questions regarding this matter, please have your attorney contact me.

Very truly yours,

Michael L. Molinaro
Partner

cc:    Mr. Bruce Johnson
       Mr. Edward McCarthy
       Mr. William Rinn, III
       Mr. Douglas Wilson