UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRUCE JOHNSON, EDWARD McCARTHY, WILLIAM RINN III, and DOUGLAS WILSON,<br><br>    Plaintiffs<br><br>v.<br><br>RICHARD J. LEWIS III<br><br>    Defendant. | Case No.: 08-cv-3164<br><br>Hon. Robert M. Dow, Jr.<br>Presiding Magistrate Judge Schenkier |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(a)**

Plaintiffs Bruce Johnson, Edward McCarthy, William Rinn III, and Douglas Wilson (collectively, the "Plaintiffs") by and through their attorneys, Loeb & Loeb LLP, hereby submit this Memorandum of Law in Support of Plaintiffs' Motion for Entry of Default Pursuant to Fed. R. Civ. P. 55(a) (the "Motion").

**STATEMENT OF FACTS**

On or about June 2, 2008, Plaintiffs filed their Complaint against Richard J. Lewis III ("Defendant") asserting a single count for breach of contract arising from Defendant's failure to make good on a promissory note dated July 18, 2005, that Defendant signed in favor of the Plaintiffs. On July 16, 2008, Plaintiffs caused Defendant to be served a copy of the Complaint and Summons. A true and correct copy of the Return of Service (Docket #11), in which Eric Lee Roybal attests that he personally served a copy of the Complaint and Summons on Defendant on July 16, 2008, is attached hereto as Exhibit A. On August 4, 2008, Plaintiffs filed the Return of Service. Accordingly, Defendant had until August 5, 2008 to plead or otherwise defend against

the Complaint.  As of the filing of Plaintiffs' Motion, Defendant has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.

## ARGUMENT

Plaintiffs are entitled to the entry of default against Defendant.  Federal Rule of Civil Procedure 55(a) provides:  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Entry of default under Fed. R. Civ. P. 55(a) is a prerequisite to entry of judgment by default under Fed. R. Civ. P. 55(b).  *FTC v. 120194 Canada, Ltd.*, No. 04-7204, 2007 U.S. Dist. LEXIS 12657, *25 (N.D. Ill. Feb. 12, 2007) ("Once there has been an entry of default under Rule 55(a), a district court possesses the discretion under Rule 55(b)(2) to enter a default judgment.").  *See also* 10A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

Here, Defendant has failed to "plead" or "otherwise defend."  Federal Rule of Civil Procedure 7(a) limits the types of permitted pleadings and specifies that an answer is the appropriate response to a complaint.  Federal Rule of Civil Procedure 12(a) provides a defendant with 20 days after service of the summons and complaint to file an answer.  As Plaintiffs caused the Defendant to be served with the Summons and Complaint in this action on July 16 2008, Defendant had until August 5, 2008 to file his answer.  As of the filing of Plaintiffs' Motion, more than two weeks after the deadline, Defendant has still not filed an Answer.  As such, Defendant has failed to "plead."  *See* Fed. R. Civ. P. 7(a) (defining and limiting permitted pleadings).

Having not even made an appearance, Defendant has also failed to "otherwise defend." "The words 'otherwise defend' [as used in Fed. R. Civ. P. 55(a)] refer to the interposition of various challenges to such matters as service, venue, and the sufficiency of the prior pleading, any of which might prevent a default if pursued in the absence of a responsive pleading." 10A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed. 1998). Defendant has failed to interpose any such challenges that would otherwise obviate the need to file an answer.

Having failed to "plead" or "otherwise defend," the Clerk should enter a default against Defendant. "When the prerequisites of Rule 55(a) are satisfied, an entry of default should be made by the clerk without any action being taken by the court." 10A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed. 1998).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court to grant Plaintiffs' Motion for Entry of Default Pursuant to Fed. R. Civ. P. 55(a), direct the Clerk to enter a default against Defendant Richard J. Lewis III, and grant Plaintiffs such further relief as the Court deems just and proper.

Dated:  August 22, 2008

        BRUCE JOHNSON, EDWARD MCCARTHY,
        WILLIAM RINN, III, AND DOUGLAS WILSON

        By: s/ Blair R. Zanzig
                One of Their Attorneys

        Michael L. Molinaro (ARDC No.:  6183321)
         mmolinaro@loeb.com
        Blair R. Zanzig (ARDC No.: 6273293)
         bzanzig@loeb.com
        LOEB & LOEB LLP
        321 North Clark Street, Suite 2300
        Chicago, Illinois  60610
        Telephone:  (312) 464-3100
        Facsimile:  (312) 464-3111

        *Counsel for Plaintiffs Bruce Johnson, Edward McCarthy, William Rinn III, and Douglas Wilson.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August 2008, a copy of the foregoing **Memorandum of Law in Support of Plaintiffs' Motion for Entry of Default Pursuant to Fed. R. Civ. P. 55(a)** was served on Defendant via first class, United States mail, postage prepaid at the following addresses:

Mr. Richard J. Lewis III
4400 Fair Oaks Blvd.
Sacramento, CA 95864-5334

Mr. Richard J. Lewis III
900 Steven Oaks Lane
Sacramento, CA 95864

                                                s/ Blair R. Zanzig

CH45212.1